64 A.3d 553

IN THE MATTER OF KEVIN H. MAIN, AN ATTORNEY AT LAW (ATTORNEY NO. 041121988).

April 25, 2013.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 12–252, concluding on the record certified to the Board pursuant to *Rule* 1:20–4(f) (default by respondent), that **KEVIN H. MAIN** of **PRINCETON,** who was admitted to the bar of this State in 1988, and who has been suspended from the practice of law since June 11, 2011, should be suspended from the practice of law for a period of two years for violating *RPC* 1.1(a)(gross neglect), *RPC* 1.1(b)(pattern of neglect), *RPC* 1.3(lack of diligence), *RPC* 1.4(failure to communicate with client), *RPC* 1.16(d)(failure to return unearned retainer), *RPC* 8.1(b)(failure to cooperate with disciplinary authorities);

And the Disciplinary Review Board having further concluded that prior to reinstatement to practice, respondent should be required to provide proof of his fitness to practice law and that following reinstatement, he should be supervised in the practice of law for a period of two years;

And good cause appearing;

It is ORDERED that **KEVIN H. MAIN** is suspended from the practice of law for a period of two years and until the further Order of the Court, effective immediately; and it is further

ORDERED that prior to reinstatement to practice law, respondent shall submit proof of his fitness as attested to by a mental health professional approved by the Office of Attorney Ethics and following reinstatement, respondent shall practice law under the supervision of a practicing attorney approved by the Office of Attorney Ethics for a period of two years and until the further Order of the Court: and it is further

ORDERED that respondent continue to comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.